PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

     *Plaintiff*,

v.

TAWANDA DAVIS, TAMIKA BRICE, AND DEBORAH VINCENT

     *Defendants*.

Case No. 4:24-cv-129

**COMPLAINT FOR INTERPLEADER RELIEF**

Plaintiff Provident Life and Accident Insurance Company ("Provident") brings this action for interpleader relief pursuant to Federal Rule of Civil Procedure 22 to require Defendants Tawanda Davis, Tamika Brice, and Deborah Vincent (collectively, "Defendants"), to interplead, or settle amongst themselves, competing claims made following the death of James C. Vincent ("Decedent"), to a net total of Eleven Thousand Five Hundred Seventeen Dollars and Three Cents ($11,517.03) in voluntary whole life insurance benefits under policies that Provident issued to James Vincent in connection with his employment at Reser's Fine Foods, Inc. ("Employer").

Provident, by and through its undersigned counsel, for its Complaint for Interpleader Relief, states as follows:

## I.     PARTIES

1.     Provident is a life insurance company incorporated under the laws of Tennessee, with its principal place of business in Chattanooga, Tennessee. It is, therefore, a citizen of Tennessee. It is duly licensed to do business in the State of North Carolina.

2. Upon information and belief, Defendant Tawanda Davis ("Davis") is a friend of Decedent and is a citizen of the State of North Carolina and a resident of, and domiciled in, Enfield, North Carolina.

3. Upon information and belief, Defendant Tamika Brice ("Brice") is the daughter of Decedent and is a citizen of the State of Virginia.

4. Upon information and belief, Defendant Deborah Vincent ("Vincent") is the wife of the Decedent, is a citizen of the State of North Carolina and a resident of, and domiciled in, Roanoke Rapids, North Carolina.

## II. JURISDICTION AND VENUE

5. This action is brought pursuant to 28 U.S.C. § 1331, as the claims at issue are governed by federal law, particularly the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). This action is also brought pursuant to Rule 22 of the Federal Rules of Civil Procedure ("Rule Interpleader") because Provident is exposed to multiple liability from competing claims to benefits under Voluntary Workplace Benefits ("VWB") policies.

6. This Court also has jurisdiction to hear and resolve this Complaint in Interpleader Pursuant to 28 U.S.C. § 1335.

7. Venue in this judicial district is proper pursuant to 28 U.S.C § 1391 and 28 U.S.C § 1395 because Defendants Davis and Vincent reside in this judicial district and are citizens of the state of North Carolina.

## III. FACTUAL BACKGROUND

8. Reser's Fine Foods, Inc. ("Employer"), established and maintained a Group Health and Welfare Plan for the benefit of its employees (the "Plan"). At all relevant times, Employer sponsored the Plan through VWB Policy No(s). 0209387260, 0936515450 & 1147264660 issued

to Decedent ("VWB Policies"), by Provident. *See* Exhibit A, Policy No. 0209387260; Exhibit B, Policy No. 0936515450; Exhibit C, Policy No. 1147264660.

9.      The Plan is, and the Policies are, governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

10.      Decedent was an employee of Reser, and a participant in the Plan.

11.      Under Policy No. 0209387260, the Decedent had a $7,543.00 Life Insurance Benefit. *See* Exhibit A, Policy No. 0209387260 at 1. On the application for Policy No. 0209387260, the Decedent designated his spouse, Deborah Vincent, as the beneficiary. *See* Exhibit D, Application (Feb. 14, 2007). The Decedent signed this application on February 14, 2007. *See id.* At the time of Decedent's death, there was a $1,912.15 loan taken out against this Policy. Exhibit E, Letter RE Loan on Policy No. 0209387260 (Oct. 7, 2022).

12.      Under Policy No. 0936515450, the Decedent had a $3,701.00 Life Insurance Benefit. *See* Exhibit B, Policy No. 0936515450 at 1. On the application for Policy No. 0936515450, the Decedent designated his spouse, Deborah Vincent, as the beneficiary. *See* Exhibit F, Application (Feb. 3, 2015). The Decedent signed this application on February 3, 2015. *See id.* At the time of Decedent's death, there was a $294.54 loan taken out against this Policy. Exhibit G, Letter RE Loan on Policy No. 0936515450 (Oct. 7, 2022).

13.      Under Policy No. 1147264660, the Decedent had a $2,537.00 Life Insurance Benefit. *See* Exhibit C, Policy No. 1147264660 at 1. On the application for Policy No. 1147264660, the Decedent designated his spouse, Deborah Vincent, as the beneficiary. *See* Exhibit H, Application (Feb. 2, 2017). The Decedent signed this application electronically on February 2, 2017. *Id.* At the time of Decedent's death, there was a $57.28 loan taken out against this Policy. Exhibit I, Letter RE Loan on Policy No. 1147264660 (Oct. 7, 2022).

14. The Decedent had a total of $13,781.00 in Whole Life benefits under the VWB Policies, and the three policies had a total of $2,263.97 in loans taken out against the policies. The net benefits remaining to be paid under the VWB Policies is $11,517.03 (the "Death Benefits").

15. A beneficiary designation change form ostensibly signed by the Decedent on August 4, 2021, named Tawanda Davis as the primary beneficiary of the VWB Policies. *See* Exhibit J, Beneficiary Designation Change Form (Aug. 4, 2021).

16. Decedent's signature on the Application for the Individual Voluntary Life Insurance Policies dated February 14, 2007, and February 3, 2015, is different than the Beneficiary Designation Change Form dated August 4, 2021. *See* Exhibits D, F, J.

17. Provident, as the claim administrator for claims made under the VWB Policies, must administer claims in accordance with the terms and conditions of the VWB Policies.

18. The VWB Policies establish the right of a participant to name his or her beneficiary, and state that benefits will be paid to the designated beneficiary.

19. The VWB Policies state the following regarding designating a beneficiary:

> **Beneficiary.** The beneficiary of this policy is stated in the application. At any time prior to the death of the Insured, you may change a revocable beneficiary. Any such change must be made in writing. To be binding on us the change must be signed by you and any irrevocable beneficiary and must be filed at our Home Office. Any such change shall take effect as of the date it was signed, subject to any payment made or other action taken by us before the change was filed. A change of beneficiary will be considered to have revoked any prior election of a Settlement Option.

*See* Exhibit A, Policy No. 0209387260 at 9.

> **Beneficiary.** The Beneficiary of this policy is stated on the application. At any time prior to the death of the Insured, you may name or change a revocable Beneficiary. Any such change must be made in writing. To be binding on us, the change must be signed by you and any irrevocable Beneficiary and must be filed at our Home Office. An irrevocable Beneficiary cannot be changed without the consent of the irrevocable Beneficiary. Unless otherwise specified by you, any such change will take effect as of the date it was signed, subject to any payment made or other action taken by us before the change was received. Unless otherwise provided, the

4

proceeds to be paid at the death of the Insured will be paid in equal shares to those named Beneficiaries who survive the Insured.

*See, e.g.*, Exhibit B, Policy No. 0936515450 at 7; Exhibit C, Policy No. 1147264660 at 7.

20.    Upon information and belief, Decedent died on October 5, 2022. *See* Exhibit K, Death Certificate.

21.    Provident received life insurance claims on behalf of Defendant Brice that she submitted via the NC Department of Insurance on or about November 17, 2022. *See* Exhibit L, Claim, Exhibit.

22.    While administering her claim, Brice expressed concerns to Provident about the Decedent's capacity to complete the beneficiary designation change dated August 4, 2021, and provided a Personal Protective Order entered August 11, 2021 by the General Court of Justice, District Court Division, County of Halifax, North Carolina, Case No. 21-CVD-674 prohibiting Defendant Davis from contact with the Decedent. *See* Exhibit M, Letter from Tamika Brice (Mar. 20, 2023); Exhibit N, Personal Protective Order (Aug. 11, 2021).

23.    On or about March 16, 2023, Defendant Vincent and Derek Vincent, Vincent's son, submitted letters in support of Tamika Brice's claim to the life insurance benefits of her father, James C. Vincent. *See* Exhibit O, Letters (Mar. 16, 2023).

24.    As of this date, Tawanda Davis has not contacted Provident, despite several attempts asking her to do so.

25.    Upon information and belief, the Decedent was diagnosed with advanced dementia and, in part, received treatment for that condition in the months preceding his death.

26.    Provident has not paid any amount of the Death Benefits to any party.

27.    Based upon the surrounding facts and circumstances of the competing claims, Provident cannot determine whether a court would find that Defendant Brice would be entitled to

the Death Benefits, or whether a court would determine that the August 4, 2021, Designation is valid and the Death Benefits would be payable to Defendant Tawanda Davis, and/or Defendant Vincent.

28.     Provident has inquired whether the claimants may be able to reach an amicable resolution in an effort to avoid litigation, but without success.

## BASIS FOR INTERPLEADER

29.     Provident is subject to multiple liability with respect to the Death Benefits payable upon Decedent's death, because of rival claims by Defendants.

30.     Provident is unable to determine which Defendant(s) may be entitled to the Death Benefits, and is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

31.     Provident has no claim to or interest in the Death Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader, and Provident at all times has been willing to deliver to the person or persons entitled to possession.

32.     Provident has in no way colluded with any Defendant concerning the matters of this cause.

33.     Provident has filed this Complaint of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them.

34.     Provident unconditionally offers and is ready to deposit with the Court the Death Benefits in the amount of $11,517.03, and any applicable interest.

6

**WHEREFORE**, Provident respectfully requests that this Honorable Court grant the following relief:

A.      That each of the Defendants be restrained from instituting any action against Provident related to the recovery of the Death Benefits;

B.      That Provident be permitted to remit the Death Benefits into the Registry of this Court pending judgment;

C.      That the Defendants be required to interplead and settle among themselves their rights to the Death Benefits;

D.      That Provident be discharged from all liability under the VWB Policies with respect to the death of Decedent;

E.      That Provident be awarded its attorneys' fees and costs, and that this amount be deducted from the Death Benefits; and

F.      For such further relief as the Court may deem appropriate.

Dated: August 28, 2024                    Respectfully submitted,

                                          /s/ Savannah S. Trimmer
                                          Savannah S. Trimmer
                                          NC Bar No. 58082
                                          OGLETREE DEAKINS NASH SMOAK &
                                          STEWART, P.C.
                                          Forum IV 8529 Six Forks Road, Suite 600
                                          Raleigh, NC 27615

                                          Attorneys for Plaintiff, PROVIDENT LIFE AND
                                          ACCIDENT INSURANCE COMPANY